IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES TORRENCE, JR.,

        Petitioner,

v.                                          CIVIL ACTION NO. 5:00-0306

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's *pro se* Motion for Relief from Final Judgment pursuant to *Federal Rule of Civil Procedure* 60(b) [Docket 183]. Petitioner contends that this court erred in not reaching the merits of his previous Motion to Vacate filed pursuant to 28 U.S.C. § 2255. For the following reasons, the petitioner's motion is **DENIED** as untimely.

**I.**      **Procedural Background**

Mr. Torrence is currently serving a 210 month sentence imposed by this court for the violation of 21 U.S.C. §846, conspiracy to distribute cocaine base. On petitioner's direct appeal, the Fourth Circuit affirmed the district court's conviction and sentence. *United States v. Torrence*, 1999 WL 125719, at *2 (4th Cir. Mar. 10, 1999). After his unsuccessful appeal, Mr. Torrence filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. He attacked his conviction based upon the following six grounds: (1) ineffective assistance of counsel during plea negotiations; (2) constructive amendment of the factual and legal basis for Count One; (3) unknowing and involuntary guilty plea; (4) ineffective assistance of counsel at the rearraignment hearing; (5) ineffective assistance of

counsel at the hearing on a motion to withdraw the guilty plea; and (6) sentence was imposed based on factors not subject to the Grand Jury finding or proof beyond a reasonable doubt.

By Order entered August 20, 2001, the court denied and dismissed the petitioner's claims for lacking merit [Docket 165]. On May 16, 2002, the Fourth Circuit Court of Appeals denied the petitioner's request for a certificate of appealability and dismissed the appeal on the reasoning of the district court. On March 12, 2007, more than five years after this court's denial of petitioner's § 2255 motion, Mr. Torrence filed the instant Motion for Relief from Final Judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*.

**II.    Analysis**

Relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. *See Evans v. United Life & Accident Ins. Co*, 871 F.2d 466, 472 (4th Cir. 1989). In order to prevail under Rule 60(b), a movant must first meet certain "threshold conditions." *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). It must be shown that: 1) the motion is timely; 2) there is a meritorious defense; and 3) the opposing party would not suffer unfair prejudice by having the judgment set aside. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Here, I find that the petitioner has not satisfied the threshold conditions. Specifically, Mr. Torrence's motion was not filed within a "reasonable time." *See Fed. R. Civ. P.* 60(b).

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

>misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made *within a reasonable time*, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

*Id.* (emphasis added). Rule 60(b) contemplates that a party may file a motion to set-aside within a "reasonable time" and for motions under subsections (1)-(3), within a year of entry of judgment. Additionally, the movant must make a showing of timeliness. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986).

Petitioner does not specify the clause in Rule 60(b) on which he relies, characterizing this simply as "Rule 60(b)" motion. *See, e.g.*, Pet'r Mot. at 1. Regardless of the clause on which petitioner relies, however, this motion is untimely. If this motion is brought pursuant to Rule 60(b)(1), (2) or (3), it is untimely because it was not filed within one year of the entry of this court's judgment denying petitioner's § 2255 motion. *See Fed. R. Civ. P.* 60(b). If this motion is brought pursuant to clauses (4), (5), or (6), it would still be untimely because it was not brought within a "reasonable time." *Id*. The instant motion was filed more than five years after entry of the judgment from which relief is sought. Petitioner fails to provide any explanation for the delay. *See United States v. Williams*, 2007 U.S. Dist. LEXIS 28878, at \*5 (M.D. Fla. Apr. 18, 2007) (dismissing defendant's Rule 60(b) motion brought more than five years after the initial judgment as untimely);

*United States v. McMillon*, 2007 U.S. Dist. LEXIS 20573, at *9 (D. Kan. Mar. 21, 2007) (finding a delay of more than two years in bringing a Rule 60(b) motion unreasonable); *United States v. Benjamin*, 2007 U.S. Dist. LEXIS 15331, at *5 (D. Md. Mar. 5, 2007) (denying as untimely Rule 60(b) motion brought more than six years after denial of a § 2255 motion). Accordingly, the court **DENIES** the petitioner's motion as untimely.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    May 8, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE